UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CONNIE S. W., )
 )
       **Plaintiff,** )
 )
v. ) Case No. 18-CV-0098-CVE-JFJ
 )
ANDREW M. SAUL,[1] )
**Commissioner of Social Security** )
**Administration,** )
 )
       **Defendant.** )

## OPINION AND ORDER

Now before the Court is the Report and Recommendation (Dkt. # 21) of the magistrate judge recommending that the Court affirm the Commissioner's decision to deny plaintiff's claim for disability benefits. Plaintiff filed an objection (Dkt. # 22) to the report and recommendation, and she asks the Court to remand the case for further administrative proceedings. Defendant filed a response (Dkt. # 23) to plaintiff's objection.

### I.

On January 7, 2015, plaintiff applied for Social Security disability benefits pursuant to Title II of the Social Security Act, alleging a disability onset date of October 3, 2014. Dkt. # 12, at 207. Plaintiff's claim was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge (ALJ). Id. at 61, 136, 144.

---

[1]     Nancy A. Berryhill is no longer the Acting Commissioner of the Social Security Administration, and Andrew M. Saul is now the Commissioner of the Social Security Administration. Under Federal Rule of Civil Procedure 25(d), Saul is automatically substituted as the defendant and the parties do not need to file a motion to substitute the party defendant.

On February 23, 2017, plaintiff appeared at a hearing before the ALJ and was represented by counsel. Id. at 61-63. At the hearing, plaintiff testified that she has continual throbbing back pain, which she described as a sharp and sometimes sickening feeling. Id. at 77. Plaintiff explained that she has swelling in her lower back due to nerve pain, which feels like she is sitting on a rock. Id. at 78. Plaintiff testified that if she sits or stands for too long–about 30 minutes–she gets numbness and a shooting pain down her left leg. Id. at 79-80. Plaintiff also testified that Curt Coggins, M.D., is her primary care physician, and that she has been seeing Dr. Coggins since 2006. Id. at 76. Plaintiff testified that Dr. Coggins told her that she has a Tarlov cyst on her sacrum that is causing the pain. Id. at 78.

Included in the record before the ALJ was a physical residual functional capacity (RFC) assessment completed by Dr. Coggins on February 22, 2017. Id. at 537-40. Dr. Coggins opined that plaintiff could sit for 4 hours, stand for 2 hours, and walk for 1 hour in an 8-hour day; could never bend, squat, crawl, climb, or reach; and could frequently carry up to 5 pounds and occasionally carry up to 10 pounds. Id. at 537-38. Further, Dr. Coggins noted that, even if plaintiff were allowed to perform a job within those parameters, she would not be able to perform such work on a sustained and continuing basis due to her pain levels and because the medication required to alleviate that pain is too intrusive. Id. at 538. Dr. Coggins opined that plaintiff's impairments would cause her to be absent from work more than three times a month. Id. at 539. As support for his RFC assessment, Dr. Coggins cited his medical findings: "Tarlov cyst on sacrum and resulting neurological pain. Tender to palpations on the cyst and with reproduction of her pain. MRI supports this with degenerative [changes] and location of cyst juxtaposing the broad [left] sacral nerve. Would require lying down periodically during the short work hours she could sustain." Id. at 540.

On May 17, 2017, the ALJ entered a written decision denying plaintiff's claim for disability benefits. Id. at 16-34. The ALJ reviewed Dr. Coggins' opinions in the RFC, and concluded that there is nothing in Dr. Coggins' treatment records to support his opinions other than plaintiff's claims. Id. at 31. Therefore, the ALJ gave little weight to all of Dr. Coggins' opinions, finding them to be completely unsupported in the medical record. Id. at 31-32. With respect to plaintiff's cyst, the ALJ found that plaintiff's hearing testimony is not consistent with the findings of Dr. Coggins: "The claimant testified that Dr. Coggins supposedly told her that the cyst was a major cause of her alleged pain. The record shows Dr. Coggins submitted a disabling medical source statement. However, there is nothing in it about the effects of the caudal cyst. Additionally, the treatment records of Dr. Coggins also do not contain any diagnosis or treatment for the cyst." Id. at 30 (internal citations omitted).

The ALJ determined that plaintiff has the RFC to perform sedentary work with the following additional limitations:

> [N]o climbing of ladders, ropes, or scaffolds. Climbing ramps or/stairs [sic], stooping, crouching, crawling, kneeling, balancing, can be done occasionally. No exposure to unprotected heights, open flames, dangerous machinery or equipment, or other hazardous conditions (not all-moving machinery is dangerous-such as machinery where moving parts are shielded). Handling and fingering limited to frequent bilaterally. Due to mental impairments, the claimant can understand, remember, and carry out simple or intermediate level instructions, and perform simple and some takes of intermediate level difficulty under routine supervision, such that she is capable of doing simple or at most semi-skilled work. The claimant can relate to supervisors and coworkers on a superficial work related basis and can adopt [sic] to a work situation. The claimant can have only occasional contact with the general public.

Id. at 25. The ALJ found that plaintiff was unable to perform her past relevant work. Id. at 32. Based on the testimony of a vocational expert, however, the ALJ found that plaintiff could perform

3

other sedentary work, such as clerical mailer, assembler, and stuffer. Id. at 33-34. Further, the ALJ determined these positions existed in significant numbers in the national economy. Id. at 34. Accordingly, the ALJ concluded plaintiff was not disabled. Id.

Plaintiff sought review of the ALJ's adverse decision by the Appeals Council, but the Appeals Council found no basis under its rules to review the decision. Id. at 6. Plaintiff filed this case seeking judicial review of the denial of her claim for disability benefits, and the matter was referred to a magistrate judge for a report and recommendation. The magistrate judge recommends that the ALJ's decision be affirmed. Dkt. # 21, at 1.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

## III.

Plaintiff objects to the magistrate judge's finding that the ALJ properly considered the medical source evidence, specifically that the ALJ's discussion of plaintiff's Tarlov cyst was adequate. Dkt. # 22, at 1.

4

The Social Security Administration (SSA) has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." Id. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." Allen, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him] from performing [his] past relevant work. See id. Even if a claimant is so impaired, the agency considers, at step five, whether [he] possesses the sufficient residual functional capability to perform other work in the national economy. See id.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step five of the analysis. Dkt. # 12, at 3. At step five, the ALJ must consider a claimant's RFC, age, education, and work experience to determine if other work exists that a claimant is able to perform. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). If the claimant can adjust to work outside of her past relevant work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A). However, the ALJ must find that a claimant is disabled if insufficient work exists in the national economy for an individual with the claimant's RFC. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010). The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his

5

decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

In evaluating a treating source's opinion under § 404.1527, "'the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct.'" Brownrigg v. Berryhill, 688 F. App'x 542, 548 (10th Cir. Apr. 19, 2017)[2] (quoting Krauser v. Astrue, 638 F.3d 1324, 1330 (10th Cir. 2011)). First, the ALJ must determine whether the medical opinion qualifies for "controlling weight." Id. A treating source's medical opinion is given controlling weight if, on the issues of the nature and severity of the plaintiff's impairments, the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." § 404.1527(c)(2). Second, if the medical opinion is not entitled to controlling weight, the ALJ must "apply the factors listed in paragraphs (c)(2)(i) and

---

[2] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 31.1; 10th Cir. R. 32.1.

(c)(2)(ii) of [§ 404.1527], as well as the factors in paragraphs (c)(3) through (c)(6) of [§ 404.1527] in determining the weight to give the medical opinion."[3] Id.

As an initial matter, the Court finds that the ALJ adequately explained his reasons for assigning "little weight" to Dr. Coggins' opinions. The ALJ reasonably determined that Dr. Coggins' opinions were completely inconsistent with the substantial evidence in the record. For example, the ALJ noted that plaintiff's physical examinations and imaging results were modest, and that plaintiff has received conservative management for complaints of back pain. Dkt. # 12, at 27. Further, the ALJ noted that there were negative findings for any objective evidence of plaintiff's radiating pain claims. Id. at 31. Moreover, the ALJ determined that there is nothing in Dr. Coggins' own treatment records to support his opinions other than plaintiff's subjective claims. Id. Therefore, the ALJ reasonably concluded that Dr. Coggins' opinions were not entitled to controlling weight, and properly assigned little weight to Dr. Coggins' opinions instead. See Oldman v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (the ALJ need not expressly apply each relevant factor in weighing a medical opinion).

Further, plaintiff argues that the ALJ inadequately addressed Dr. Coggins' discussion of her Tarlov cyst. As plaintiff correctly notes, the ALJ erred by stating that Dr. Coggins did not mention the effects of plaintiff's cyst. Contrary to the ALJ's assertion that "there is nothing in [Dr. Coggins' RFC assessment] about the effects of the caudal cyst," Dkt. # 12, at 30, Dr. Coggins' RFC

---

[3] Those factors are: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." Watkins, 350 F.3d at 1301.

assessment states that plaintiff's Tarlov cyst causes her neurological pain that would require periodically lying down during work hours, that the area of the cyst was tender to palpations, and that the MRI supported these findings, id. at 540. Plaintiff argues that the ALJ's mistake amounts to reversible error, because this condition was not considered in the ALJ's RFC determination; therefore, the hypothetical question presented to the vocational expert was not precise in reflecting all of plaintiff's impairments. Dkt. # 22, at 5-6. The Court disagrees. While plaintiff is correct that hypothetical questions must reflect with precision all of her impairments, "they need only reflect impairments and limitations that are borne out by the evidentiary record." Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). As already discussed, the ALJ properly assigned little weight to all of Dr. Coggins' opinions. With respect to Dr. Coggins' notes on plaintiff's cyst, the ALJ correctly noted that Dr. Coggins' treatment records do not contain any diagnosis or treatment for the cyst. Moreover, the ALJ noted that the "MRI of the lumber spine revealed some diffuse degenerative changes as well as a S2 caudal cyst. . . . The examiner noted that he did not feel surgery was necessary, and the caudal cyst was an incidental finding. . . . The record shows these findings are consistent with other physical examinations of claimant." Dkt. # 12, at 27. Accordingly, Dr. Coggins' notes on plaintiff's cyst, like the rest of Dr. Coggins' opinions, would have been entitled to little weight in the ALJ's RFC determination. Therefore, the Court finds that the ALJ's mistake regarding Dr. Coggins' notes on plaintiff's cyst does not constitute reversible error.

**IT IS THEREFORE ORDERED** that the magistrate judge's Report and Recommendation (Dkt. # 21) is **accepted**, and the Commissioner's decision to deny plaintiff's claim for disability benefits is **affirmed**. A separate judgment is entered herewith.

**DATED** this 25th day of June, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE